**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                              :
**PRAYLOR NEWMAN,**           :
                              :     Civ. No. 17-4653 (RMB)
            Petitioner,       :
                              :
     v.                       :     OPINION
                              :
                              :
**MARK KIRBY,**               :
                              :
            Respondent.       :
_____:

**BUMB,** United States District Judge

On June 26, 2017, Petitioner, a prisoner confined in FCI Fairton, in Fairton, New Jersey, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner contends that his prior convictions do not qualify him as a career offender, and he seeks a writ of habeas corpus. (Id. at 2.) Petitioner asserts that jurisdiction is proper under 28 U.S.C. § 2241 because he is actually innocent of the past crimes of conviction used to enhance his sentence under the ACCA; thus, the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to provide relief. (Id. at 10.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241

under Rule 1, the scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241.

I.  BACKGROUND

This is Petitioner's second habeas petition in this Court challenging his 2003 federal sentence under the Armed Career Criminal Act. On October 9, 2003, in the Eastern District of Pennsylvania, Petitioner was convicted as a felon in possession, and for obstruction of justice, witness tampering and other charges. United States v. Newman, Crim. Action No. 02–0539(JCJ) (E.D. Pa. Oct. 9, 2003).[1] He was sentenced to 293 months imprisonment. (Id.) After his direct appeal, Petitioner filed a motion under 28 U.S.C. § 2255, appealing his sentence for the following reasons:

> (1) his sentence was unreasonable under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) because the District Court did not sufficiently articulate its consideration of the sentencing factors set forth in 18 U.S.C. § 3553(a); (2) the District Court erred in using his three prior burglary and three prior drug convictions to enhance his

---

[1] Available at www.PACER.gov

2

>sentence because those convictions had not been proven to a jury beyond a reasonable doubt; and (3) the government lacked the sufficient proof required under Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005) to establish that his pleas to three burglaries under Pennsylvania's non-generic burglary statute brought him within the ambit of the Armed Career Criminal Act (ACCA).

U.S. v. Newman, 186 F. App'x 264, 2006 WL 1662930 (3rd Cir. 2006). The Third Circuit affirmed Petitioner's sentence. Id.

On September 5, 2014, this Court dismissed Petitioner's first petition under § 2241 for lack of jurisdiction, stating:

>Here, Petitioner challenged his sentence enhancement during his re-sentencing and on direct appeal from that re-sentencing, and his challenges were expressly dismissed by his sentencing court and the Court of Appeals with an express reminder that he had stipulated that he was an armed career criminal.

Newman v. Shartle, Civ. Action No. 14-2793(RMB), 2014 WL 4388601, at *2 (D.N.J. Sept. 4, 2014).

II. DISCUSSION

In the Third Circuit, the exception to the general rule that a challenge to a conviction or sentence must be brought under 28 U.S.C. § 2255 in the sentencing court has only been applied "where the petitioner was in the 'unusual position' of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke v. U.S., 307 F.3d

3

117, 120 (3d Cir. 2002) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). The Third Circuit has not extended this exception to include situations where a prisoner is challenging a sentence enhancement based on an intervening change in substantive law. Id. (refusing to extend Dorsainvil exception to sentencing challenge under Apprendi); Rodriguez v. Warden Lewisburg USP, Nos. 15-3555, 15-3570, 2016 WL 1127869, at *2 (3d Cir. Mar. 23, 2016) (refusing to extend Dorsainvil exception to sentencing challenge under "Apprendi-based arguments.")

Here, Petitioner challenges the basis for his sentence enhancement under the ACCA, pursuant to Mathis v. United States, 136 S.Ct. 2243 (2016). (Pet., ECF No. 1 at 3.) This Court lacks jurisdiction under 28 U.S.C. § 2241, because Petitioner was not convicted for conduct that the Supreme Court later deemed not to be criminal. See Okereke, 307 F.3d at 120 (distinguishing between changes in law that potentially made conduct non-criminal from changes in the law that deal only with sentencing).

III. CONCLUSION

This Court lacks jurisdiction over the § 2241 petition. Petitioner has already brought a motion to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 in the sentencing court. Therefore, he must seek permission from the Third Circuit Court of Appeals if he wishes to bring his present claim

in a second or successive petition under 28 U.S.C. § 2255(h).

An appropriate Order follows.

Dated: July 19, 2017

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **United States District Judge**